IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Rhonda Bennett,

        Plaintiff                       Civil Action 2:11-cv-916

v.                                         Judge Gregory L. Frost

Verizon Wireless, *et al.*,            Magistrate Judge Abel

        Defendants.

## OPINION AND ORDER

Plaintiff filed this action on October 13, 2011, alleging that "Criminals (Supy's, Manager etc) at Verizon Wireless have been signing in to my personal acct using my name and password charging me money I don't owe and for items I didn't purchase." (ECF No. 4, at 3.) She brought suit against Verizon Wireless and three individual defendants, whom she identified in her complaint as affiliated with Verizon.

On October 19, 2011, the Magistrate Judge conducted an initial screening of the complaint pursuant to 28 U.S.C. §1915(e)(2). He issued a Report and Recommendation, recommending that the complaint be dismissed for failure to satisfy the requirements of Fed. R. Civ. P. 8(a) that it contain a "short and plain statement of the grounds for the court's jurisdiction." Plaintiff has not filed objections to the Report and Recommendation. This matter is now before the Court

1

for *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B).

> In his Report and Recommendation, the Magistrate Judge stated:
>
> The complaint fails to allege subject matter jurisdiction. Federal courts are courts of limited jurisdiction. They may only exercise subject matter jurisdiction when authorized by the Constitution or statute. Here no federal claim is pleaded. Plaintiff and at least some defendants appear to be of Ohio, and the complaint does not plead that more than $75,000 is in controversy. Consequently, there is no diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

(ECF No. 2, at 2.) This finding is correct. Plaintiff's complaint fails to set forth the basis for this Court to exercise jurisdiction over her claim against Verizon and its employees for wrongfully billing her for purchases that she did not make. A pleading that states a claim for relief must contain a statement of the grounds for a court's jurisdiction over the claim. Fed. R. Civ. P. 8(a)(1).

Accordingly, the Court **ADOPTS** the Report and Recommendation and **DISMISSES** this case pursuant to 28 U.S.C. §1915(e)(2) and Fed. R. Civ. P. 8(a)(1) for failure to state the basis for this court's jurisdiction over the action.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE